**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.**

BRENDAN O'CONNOR,

Plaintiff,

v.

SAGE SOFTWARE, INC.,

Defendant.
_______________________________________/

# COMPLAINT

COMES NOW, Plaintiff, BRENDAN O'CONNOR ("Plaintiff"), hereby files this Complaint against Defendant, SAGE SOFTWARE, INC., (hereinafter referred to as "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This action seeks damages for violations of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. as a result of discrimination and retaliation predicated on Plaintiff's disability, failure to provide a reasonable accommodation, interference with FMLA rights and retaliation for exercising FMLA rights.

2. Plaintiff, at all times material hereto, was an employee of Defendant working remotely from Sarasota County, Florida, and within the jurisdiction of this court, until his termination.

3. Defendant, Sage Software, Inc., owns and operates a software company and is authorized to conduct business in Florida.

4. Venue is proper in Sarasota County, Florida, because all of the actions that form the basis of this Complaint occurred within Sarasota County, Florida, and within the jurisdiction of this court.

5. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination on the basis of disability and retaliation. On May 28, 2026, the EEOC issued a "Notice of Right to Sue" to Plaintiff. (*See* Exhibit A).

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies, or doing so would be futile.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. Plaintiff is a qualified individual with a disability and/or regarded as or perceived as disabled at all times material to his employment with Defendant.

8. Plaintiff was employed by the Defendant continuously from his date of hire in 2022 until his termination on January 21, 2025.

9. In March 2022, Plaintiff was first diagnosed with Parkinsonism, which impacted his major life activities of walking, breathing, eating, and drinking while employed with Defendant.

10. In addition, Plaintiff also suffers from major depression which was severely worsened by the Parkinsonism at all times material hereto.

11. Plaintiff's depression affects his ability to think, concentrate, focus, and sleep.

12. In the Fall of 2024, Plaintiff's supervisor and Plaintiff discussed Plaintiff taking FMLA leave due to his medical conditions. Defendant was aware of Plaintiff's conditions prior to

this discussion.

13. At that time, Plaintiff and his supervisor also discussed the possibility of job re-structuring upon his return from FMLA leave as a reasonable accommodation under the ADA, if needed.

14. Plaintiff subsequently took approved FMLA leave and short term disability in late October 2024 and was out continuously until mid-January 2025.

15. By letter dated January 8, 2025, Plaintiff's treating provider advised that Plaintiff was able to return to work on January 14, 2025,

16. Plaintiff returned to work on January 14, 2025; however, it was unclear as to what position and what responsibilities Plaintiff was being assigned to perform.

17. On or about January 21, 2025, Defendant advised Plaintiff that he was being separated effective immediately. Defendant attempted to categorize the separation as a resignation; however, at no time did Plaintiff ever resign from his employment with Defendant.

18. It is Plaintiff's position that his employer failed to consider or provide an ADA reasonable accommodation as was discussed prior to his taking FMLA leave.

**COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**Disability Discrimination**

19. Plaintiff repeats and realleges paragraphs 1 through 18 as if stated herein in full.

20. On or about January 21, 2025, Plaintiff was terminated from his employment with the Defendant. Further, his ADA accommodation request of job restructuring was not considered nor provided. At the time of his termination, no reasonable basis for his termination was provided nor does one exist.

21. Other employees of Defendant, who are not disabled, or who have not requested an accommodation have not been terminated.

22. As a result, Plaintiff has been subjected to discrimination on the basis of his disability, in violation of the Americans with Disabilities Act.

23. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

b. enjoining and permanently restraining these violations of the Americans with Disabilities Act;

c. directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and making him whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act;

f. trial by jury; and

g. such other relief as the court deems proper.

**COUNT II -VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**Perceived Disability Discrimination**

24. Plaintiff repeats and realleges paragraphs 1 through 18 as if stated herein in full.

25. On or about January 21, 2025, Plaintiff was terminated from his employment with the Defendant. Further, his ADA accommodation request of job restructuring was not considered nor provided. At the time of his termination, no reasonable basis for his termination was provided nor does one exist.

26. Other employees of Defendant, who are not perceived as disabled, have not been terminated.

27. As a result, Plaintiff has been subjected to discrimination on the basis of his perceived disability, in violation of the Americans with Disabilities Act.

28. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

b. enjoining and permanently restraining these violations of Americans with Disabilities

Act;

c. directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and making him whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act;

f. trial by jury; and

g. such other relief as the court deems proper.

**COUNT III - RETALIATION**

29. Plaintiff repeats and realleges paragraphs 1 through 18 as if stated herein in full.

30. By virtue of requesting an accommodation in the Fall of 2024, Plaintiff was engaged in protected activity.

31. Defendant's actions terminating his employment constitute retaliation after Plaintiff engaged in protected activity.

32. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but

not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

b. enjoining and permanently restraining these violations of Americans with Disabilities Act;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of him, and making him whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act and Title VII;

f. trial by jury; and

g. such other relief as the court deems proper.

**COUNT IV - INTERFERENCE WITH FMLA RIGHTS**

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this Complaint as if set out in full herein.

34. Defendant, subsequent to Plaintiff being approved for FMLA leave authorized under the Act, interfered with his FMLA rights and terminated him from employment and otherwise failed or refused to grant him leave or restore him to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment upon the expiration of leave under the

Act.

35. Defendant's termination of Plaintiff subsequent to being on approved for FMLA leave was not based on reasonable grounds and was not in good faith.

36. As a result of Defendant's lack of good faith and reasonable grounds in disregarding the Act, Plaintiff is entitled to liquidated damages in an amount equal to all lost wages, salary, employment benefits and other compensation and interest there.

WHEREFORE, Plaintiff demands judgment against Defendant for payment of all lost wages, salary, employment benefits and other compensation, an equal amount in liquidated damages, interest thereon, reinstatement, reasonable attorney's fees, and costs of suit, and any and all other relief this court deems just and proper.

**COUNT V - FMLA RETALIATION**

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this Complaint as if set out in full herein.

38. Defendant terminated Plaintiff from his position in retaliation for exercising his rights under the FMLA, thereby adversely affecting Plaintiff.

39. Defendant's termination of Plaintiff in retaliation for exercising his rights under the Act was not based on reasonable grounds and was not in good faith.

40. As a result of Defendant's lack of good faith and reasonable grounds in violation the FMLA, Plaintiff is entitled to liquidated damages in an amount equal to all lost wages, salary, employment benefits and other compensation and interest there.

WHEREFORE, Plaintiff demands judgment against Defendant for payment of all lost wages, salary, employment benefits and other compensation, an equal amount in liquidated damages,

interest thereon, reinstatement, reasonable attorney's fees, and costs of suit, and any and all other relief this court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted,

By:/s/Teri Guttman Valdes____
Teri Guttman Valdes, Esq.
TERI GUTTMAN VALDES LLC
1533 Sunset Drive, Suite 225
Coral Gables, FL 33143
Fla. Bar No. 0010741
Email: tgvaldes@aol.com
Telephone: (305) 740-9600
*Counsel for Plaintiff*